SOVEREIGN CAMP, W. O. W., v. SLOAN.*

(Division A. April 14, 1924.)

[99 So. 568. No. 24195.]

1. APPEAL AND ERROR. *Bill of exceptions will not be stricken for clerical error in name of appellant.*

A clerical error in the name of the appellant in a bill of exceptions, which could and did not mislead the appellee, is harmless and presents no ground for striking the bill of exceptions from the record.

2. APPEAL AND ERROR. *Bill of exceptions sworn to by attorney representing tendering party receivable in lieu of transcript, where trial judge and reporter both deceased.*

Where the stenographer who took down the evidence and the judge who tried the case both died after notice had been served on the stenographer to transcribe his notes of the evidence but before the transcript had been made, a bill of exceptions sworn to by the attorney who represents the party tendering the bill of exceptions may be received as a substitute for the stenographer's transcript. Section 796, Code of 1906; section 580, Hemingway's Code; chapter 145, Laws of 1920; section 585, Hemingway's Supplement 1921.

3. APPEAL AND ERROR. *Appellate court can only consider correctness of sworn bill of exceptions tendered by attorney for tendering party when cause submitted on merits.*

The Supreme court cannot determine the correctness of a bill of exceptions sworn to by the attorney of the party tendering it on motion of the appellee to strike it from the record, but can do so only when the case is considered by the court on its merits, up to which time both the appellee and the appellant may continue to file affidavits touching the correctness thereof. Section 796, Code of 1906; section 580, Hemingway's Code.

*Headnote 1. Appeal and Error, 4 C. J., section 1950; 2. Appeal and Error, 4 C. J., section 2115; 3. Appeal and Error, 4 C. J., section 1951 (1925 Annotations)

APPEAL from circuit court of Lowndes county.

HON. THOS. B. CARROLL, Judge.

Action by Mrs. Mollie Sloan against Sovereign Camp, Woodmen of the World. From a judgment for plaintiff, defendant appeals. On motion to strike the bill of exceptions. Motion overruled.

The following are the grounds set forth in the motion to strike the bill of exceptions, as called for by the opinion of Chief Justice:

"First. That the style of the suit in the court below was *Mrs. Mollie A. Sloan* v. *Sovereign Camp of the Woodmen of the World,* and the said Mrs. Mollie A. Sloan obtained a judgment against the Sovereign Camp of the Woodmen of the World, the appeal was taken in the name and by giving bond of the Sovereign Camp of the Woodmen of the World, the attorneys for appellant, in giving notice to the official stenographer, had as a caption for his notice *"Mrs. Mollie A. Sloan* v. *Supreme Lodge Woodmen of the World,"* and the bill of exceptions filed in this court is the bill of exceptions of *Supreme Lodge Woodmen of the World, Appellant,* v. *Mrs. Mollie A. Sloan, Appellee,* and there was no such case tried in the circuit court of Lowndes county as *Supreme Lodge Woodmen of the World* v. *Mrs. Mollie A. Sloan.*

"Second. That the testimony in this cause in the trial in the circuit court was taken down by an official stenographer; that since the trial, and before the transcribing of his notes by the official stenographer, he died; that

the circuit judge who tried the cause also died, without having signed the bill of exceptions; and that the law does not provide for the evidence taken at such trial to be set out in a bill of exceptions to be prepared in the manner that it has been prepared in this cause, where both the judge and the official stenographer have died.

"Third. Because the evidence, as set out in the bill of exceptions and filed in this court, purporting to give the testimony of W. H. Duncan, Dr. J. W. Lipscomb, Dr. C. E. Lehmberg, and Dr. W. C. Brewer, shows on its face that it is so incomplete that it is not a correct bill of exceptions, and that the testimony of these witnesses is not before the court.

"Fourth. Because three witnesses who testified for the appellee in the circuit court, to-wit, Mrs. Mollie A. Sloan, the appellee herself, Miss Willie B. Burgess, and W. H. Foreman, are not even mentioned by name in the bill of exceptions, and not a word of their testimony given, although they gave testimony material to the issue involved. The appellee files with this motion the affidavit of herself, Mrs. Mollie A. Sloan, and also the affidavit of H. G. Phillips, to the effect that the testimony set out in the bill of exceptions is incorrect and incomplete as to the witnesses mentioned therein, and, further, that three witnesses who testified for appellee in the court below, to-wit, Mrs. Mollie A. Sloan, appellee herself, Willie E. Burgess, and W. H. Foreman, are not even mentioned at all in the bill of exceptions, and none of their testimony even pretended to be set out, and appellee asks that these affidavits be considered as a part of this motion."

*J. F. Frierson,* for appellant.

The motion claims that the law does not provide for evidence taken down at trial to be set out in the bill of exceptions to be prepared in the manner that it has been prepared in this cause, where both the judge and the

official stenographer had died. But see sec. 585, Hem. Code, ch. 145, Laws of 1920; Sec. 580, Hem. Code (sec. 796, Code of 1906).

In this preparation of the bill of exceptions we have tried to follow these two statutes. In the evidence set out in the bill of exceptions we endeavored to give it as accurately as we could. The section of the Code last quoted provides how any correction of errors of the bill of exceptions may be made as follows: ''But in such case, the appellee shall file in the supreme court an affidavit of himself or his attorney in the court below, that the bill of exceptions is not correct, stating particularly wherein it is not correct. . . .''

The motion of the appellee should be overruled and the appellant should be permitted to amend the caption in the notice to the stenographer and the caption of the bill of exceptions by changing the words from ''Supreme Lodge Woodmen of the World'' to ''Sovereign Camp of the Woodmen of the World'' and that any corrections which are desired to be made shall be made as outlined and provided for in the Code by sections 580 and 585, Hemingway's Code.

*Owen & Garnett,* for appellee.

The right of appeal, as we understand it, is statutory. The appellant had its day in court when its defense was presented to the court and jury in the circuit court. If it would appeal, it must substantially track the statute. The statute has not been substantially followed when a bill of exceptions, filed for a party whose name does not appear in the declaration, plea, or judgment, omits the testimony of three witnesses whose names are not even set out. The testimony of the witnesses whose names are given, is too scanty to receive the consideration of the court.

In *Board of Supervisors* v. *Citizens National Bank, et al.,* 80 So. 530, this court said: ''A question depending

upon the evidence for determination cannot be reviewed by this court, unless it has before it all of the evidence upon which it was decided in the court below, which fact must affirmatively appear from the record.'' See, also, *Richmond* v. *Enochs,* 67 So. 649; *Ladnier* v. *Ingram-Day Lumber Co.,* 84 So. 385.

We submit that it is not the purpose of the statutes of Mississippi governing this subject, to give counsel a free hand in the filing of bills of exceptions where both the judge and the stenographer are dead.

Argued orally by *Jno. F. Frierson,* for appellant, and *C. L. Garnett,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment against the appellant on an insurance policy issued by it. The evidence was taken down by an official court stenographer, who died after the trial of the case and before transcribing his notes of the evidence. Before a bill of exceptions could be prepared and tendered to the circuit judge as provided by chapter 145, Laws of 1920, the circuit judge also died, because of which a bill of exceptions was prepared as in cases where no stenographer takes down the evidence, sworn to by counsel for the appellant, and filed with the papers in the case. The motion rests upon four grounds, specifically set forth therein, and which the reporter will set out in full.

No question can here arise as to the sufficiency of the notice given the stenographer to transcribe his notes, for the reason that while the caption thereto erroneously styles the case as *Mrs. Mollie Sloan* v. *Supreme Lodge, Woodmen of the World,* the case in the body of the notice is correctly styled as *Mrs. Mollie Sloan* v. *Sovereign Camp, Woodmen of the World.* The question does arise, however, on the bill of exceptions prepared and sworn

to by the appellant's counsel, for the error in the appellant's name appears not only in the caption of the bill of exceptions but in the body thereof as well. This error, however, in the appellant's name, is manifestly a mere clerical one, could not have and in fact did not mislead the appellee, and consequently is harmless.

The filing of a bill of exceptions prepared "as in cases where no stenographer takes down the evidence" sworn to by the attorney of the party taking the appeal is authorized by paragraph D of chapter 145, Laws of 1920, by which section 797, Code of 1906, Hemingway's Code, sections 581 to 585, inclusive, is amended; which paragraph also provides that—"Proceedings shall be taken thereon similar to those provided in preceding section for cases in which the judge should be prevented from signing the bill of exceptions."

The preceding section here referred to is section 796, Code of 1906, section 580, Hemingway's Code, which specifically provides that—"If the appellee shall file in the supreme court an affidavit of himself or his attorney in the court below, that the bill of exceptions is not correct, stating particularly wherein it is not correct, he may file any affidavits than his own touching the matter, and the opposite party may do likewise up to the time of the call of the case for trial in the supreme court; and said court shall consider and determine, on submission of the case, both as to the truth of the bill of exceptions and the questions involved in what the court may determine to be the bill of exceptions."

We are therefore without power to determine the correctness of this bill of exceptions on this motion, and can do so only when the cause is submitted on its merits, up to which time both the appellee and the appellant may continue to file affidavits touching the correctness thereof.

*Overruled.*